UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

US EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.       Case No. 3:23-CV-01132-WWB-MCR

WASTE PRO OF FLORIDA, INC.

    Defendant.

_____

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR AN EXTENSION OF THE EXPERT DISCLOSURE DEADLINE**

    Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), hereby responds to Waste Pro, Inc.'s ("Waste Pro") Second Motion for an Extension of the Expert Report Disclosure Deadline.  For the reasons set forth below, the Court should deny Defendant's second motion for extension of time.

    1.    EEOC filed this action on September 26, 2023, alleging that Waste Pro subjected Charging Party and a class of Black and/or Haitian American employees in Jacksonville to a hostile work environment.  Doc. 1, ¶ 35.

    2.    EEOC's Complaint identifies a single class claim—hostile work environment—and alleges factually that the hostile work environment encompasses Waste Pro's preferential treatment of White employees over Black employees. For example:

    a.  Waste Pro purposefully assigns Black and Haitian-American maintenance employees to do more difficult repair work and provided them with inferior equipment and tools.  *Id.* ¶ 41.

1

    b. Waste Pro delegated and assigned Black drivers to less desirable routes and assigned them inferior vehicles. *Id.* ¶ 43.

    c. Waste Pro treated White employees with more leniency in the enforcement of company policies. *Id.* ¶ 44.

3. On December 21, 2023, the Court issued its Case Management Order, setting a May 15, 2024, deadline for class certification/identification of class members, and a July 17, 2024 deadline for Defendant's expert report. Doc. 13. Thus, from the outset, the Court contemplated an approximate two-month period between identification of class members and disclosure of expert reports.

4. EEOC met the Court's deadline and had disclosed 15 class members by May 3, 2024, and the remaining 13 class members by May 15, 2024.

5. EEOC has not amended the Complaint or added any new legal claims—the sole claim on behalf of the class remains hostile work environment.

6. On July 17, 2024, the day of the expert report deadline, Waste Pro first notified the EEOC of the need for extra time and filed its first Motion for Extension of Time for filing expert reports on the same day. As a professional courtesy, EEOC did not oppose Waste Pro's request for a two-week extension of time.

7. Defendant, however, has refused to identify to EEOC what type of expert it is using or the nature of the intended testimony, nor has it provided as part of its Initial Disclosures the purportedly voluminous documents it is now reviewing and apparently intends to rely upon (despite EEOC's requests for the documents).

8. Defendant has not identified any reason for purportedly waiting until after the identification of class members to begin preparing an expert report.

9. In any event, from EEOC's *second* identification of class members to the current extended deadline, Defendant has had 76 days to prepare an expert report (May 15-July 31).

10. Defendant has refused EEOC's attempts to compromise and would neither agree to increase the number of days for rebuttal nor adjust the discovery deadlines to accommodate its eleventh-hour delays.

11. It is simply not equitable to require a rebuttal expert to analyze the very same documents for which Defendant has sought a total of 37 additional days within the originally allotted amount of time.

12. Accordingly, Defendant has not shown good cause for a second, 23-day extension of time.

13. Further, given the circumstances here—where Defendant is refusing to produce documents and will not disclose the type of expert it seeks or the nature of the proposed expert report, extending the expert deadlines to August 23, 2024, with an equivalent increase for rebuttal reports to September 25, 2024, prejudices EEOC. Already, Defendant has had, at a *minimum*, 76 days to prepare an expert report, whereas EEOC will have thirty days to review Defendant's report, find and retain an appropriate expert, review the voluminous documents Defendant is apparently relying upon, and prepare a rebuttal report. Giving Defendant *even more time* would be unfair and prejudicial to EEOC and would shorten the intended timeline for preparing for and taking expert depositions.

Accordingly, EEOC respectfully requests that the Court deny Defendant's Second Motion for Extension of Time.

| | |
|---|---|
| Dated: July 30, 2024. | Respectfully submitted,<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br><br>/s/Austin N. Case<br>AUSTIN N. CASE<br>Trial Attorney<br>Connecticut Bar No. 439030<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Miami District Office<br>Miami Tower<br>100 S.E. 2nd Street, Suite 1500<br>Miami, Florida 33131<br>Phone: 786-648-5846<br>austin.case@eeoc.gov |