**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

US EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                              Case No. 3:23-CV-01132-WWB-MCR

WASTE PRO OF FLORIDA, INC.

      Defendant.

_____

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between the United States Equal Employment Opportunity Commission (the "EEOC"), and Waste Pro of Florida, Inc. ("Waste Pro" or "Defendant") (hereinafter, the EEOC and Defendant are collectively referred to as "the Parties").

### INTRODUCTION

1.      The EEOC initiated this action on September 26, 2023, alleging Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting Charging Party Fednol Pierre ("Charging Party" or "Mr. Pierre") and a class of other aggrieved Black and/or Haitian-American employees at Waste Pro's Jacksonville division to a hostile work environment on the basis of their race, color, and national origin and by retaliating against Mr. Pierre.

2.      Waste Pro denies it violated Title VII.  The agreement to enter into this Decree shall not be construed as an admission of liability by Waste Pro.

3.      In the interest of resolving this matter, and to avoid the cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have

agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties, and their respective successors and assigns.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.  By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.      This Decree fully and finally resolves all  claims in the underlying EEOC charge of discrimination, Charge No. 510-2022-04567 and the Complaint filed against Defendant, Civil Action No. Case No. 8:23-cv-01132-WWB-MCR (M.D. Fla.), brought on behalf of Fednol Pierre, and a class of Black and/or Haitian employees, including but not limited to (1) Shune Byrd, (2) Scott Sanders, (3) Morieo Melton, (4) Triforos Veal, (5) Takirah Shakir, (6) Antoine Harper, (7) Rolando Phillips, (8) Stevie McMillan, (9) Whittney Johnson, (10) William Toins, (11) Jefferey Mote, (12) Tasheba Brown, (13) Jocelyn Harris, (14) Derrick Turner, (15) Kenneth Bruner, (16) Tamika Ali, (17) Zebulun Jones, (18) Nichole Kelsey, (19) Tatyana Garvin, (20) Michael Sumlar, (21) Schneider Fleury, (22) Makita Perry, (23) Cassetta Baker (24) John Fowlers, and (25) Michael Reddick.

6.      This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.      If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.      This Decree does not resolve any charges of discrimination that may be pending with the EEOC against the Defendant other than Charge No. 510-2022-04567. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against the Defendant in accordance with standard EEOC procedures.

9.      Nothing in this Decree shall be construed to limit or reduce the Defendant's obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f, and the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg.

**FINDINGS**

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

      a.      This Court has jurisdiction over the subject matter of this action and the Parties;

      b.      The Court will retain jurisdiction for the duration of this Decree;

      c.      No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

      d.      The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of the class and the public interest are adequately protected by this Decree; and

      e.      The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendant.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**DURATION OF DECREE**

11.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years after the Decree is entered by the Court (the "Effective Date"), provided, however, that if, at the end of the three (3) year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

12.    This Decree will not expire while any enforcement action concerning this Decree is pending.

**GENERAL INJUNCTIVE PROVISIONS**

13.    Defendant, its officers, managers, and supervisors shall not subject Black or Haitian-American employees to racial epithets, racial slurs, threatening or intimidating behavior, physical violence, or deny Black employees the use of facilities, trucks, tools, truck routes and resources on the basis of their race, color, or national origin.

14.     If any Black or Haitian-American employees complain another employee subjected them to racial epithets, racial slurs, threatening or intimidating behavior, physical violence, or denied the use of facilities, trucks, tools, truck routes and resources on the basis of their race, color or national origin, Defendant shall promptly investigate and facilitate any remedial action in accordance with this Decree.

15.     Defendant, its officers, managers and employees, shall not retaliate against Black or Haitian-American employees for complaining of a hostile work environment.

16.     Defendant will not retaliate against any person(s) because the individual(s) provided information or assistance or participated in any way in the investigation of Mr. Pierre's Charge or this lawsuit. Defendant will agree to provide a neutral reference to Charging Party and any class members.

## MONETARY RELIEF

### A.  Damages and Class Administration

17.     A "Class Fund" of $1,400,000.00 shall be distributed in accordance with the provisions set forth in this Section.

18.     "Potential Class Members" shall be defined to include Charging Party and any Black or Haitian-American employee who worked at Defendant's Jacksonville facilities who were subjected to a hostile work environment based on their race, color, or national origin, from February 2021 through December 31, 2023.

19.     "Eligible Class Members" shall be defined to include those Potential Class Members who the EEOC determines were subjected to hostile work environment based on their race, color, or national origin.

20.     The EEOC shall have sixty (60) days after the Decree is entered to contact Potential Class Members (the "Class Outreach Period") who were not already contacted or notified by the EEOC of the lawsuit.  The EEOC shall attempt to contact each Potential Class Members that have not already been notified of the lawsuit by U.S. mail and any other means EEOC deems necessary.

21.     The EEOC shall determine whether a Potential Class Member is an Eligible Class Member. To determine whether a Potential Class Member is an Eligible Class Member the EEOC shall rely on interviews of Potential Class Members and documents or other evidence provided by the Potential Class Members and/or the Potential Class Member's representative.

22.     Deceased Potential Class Members may be Eligible Class Members. Representatives of their estate or next of kin may submit evidence to support that an individual is an Eligible Class Member.  The EEOC will require representatives of the estate or next of kin to provide evidence (such as death certificates, affidavits, and identification) to support the claim of being representatives of the estate or next of kin.

23.     The EEOC will, in its sole discretion, make the final determination as to what Potential Class Members are Eligible Class Members.

24.     The EEOC will, in its sole discretion, make the final determination of the amount of monetary compensation to be received by any Eligible Class Member. In determining the amount of monetary compensation to be paid to each Eligible Class Member, the EEOC shall consider the following factors: (1) the severity of the harassing conduct alleged, (2) the duration of the harassing conduct alleged, (3) the alleged emotional harm suffered by each class member; and (4) participation in the lawsuit.

25.     The EEOC will notify each Potential Class Member in writing of the amount of his or her monetary compensation or that the EEOC determined he or she is not an Eligible Class Member.

26.     Each Eligible Class Member will receive a Release (attached as Exhibit 1) and will be notified that in order to receive monetary payments under this Decree, he or she must execute and deliver to the EEOC a release in the form attached as Exhibit 1. The Release will become effective upon the distribution of settlement funds to the individual Eligible Class Member. The EEOC will provide a copy of each Release to Defendant.

27.     Sixty (60) days after the conclusion of the Class Outreach Period, the EEOC will provide the Defendant with the distribution list for the Class Fund. The distribution list shall include the information Defendant requires to distribute funds: [name of employee, address, and Tax ID number]. Defendant agrees they will not object to the distribution list.

28.     Within fourteen (14) days of receiving the distribution list for the Class Fund, Defendant shall issue and mail any check(s) as set forth in the distribution list.

29.     If Defendant fails to tender the payment described in the previous paragraph, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

30.     Any portion of the Class Fund that is not fully distributed to Eligible Class Members for any reason may be distributed to Charging Party or any other Eligible Class

Members.  All or part of the Class Fund may not be distributed to the Eligible Class Members for reasons, including but not limited to, checks being returned as undeliverable and  checks not being cashed and/or expired.

31.    If the Class Fund is not fully distributed to Eligible Class Members, the EEOC will direct Defendant to pay the undistributed portion of the Class Fund to Charging Party or other Eligible Class Members. No funds shall revert to Defendant.

32.    Defendant shall not disclose the identity of persons who EEOC determines are eligible for settlement monies except to accountants, lawyers or human resource managers outside of the Jacksonville division on a need to know basis. The identities of persons who wish to participate shall not be disclosed to any persons who work in the Jacksonville division.

## TAX TREATMENT OF SETTLEMENT AMOUNT

33.    <u>EEOC's reporting requirements under IRC Sections 162(f) and 6050X</u>. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

34.    Defendant's EIN number is 59-3701785.

35.    The individual(s) to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is/are: Sean Jennings, Chief Executive Officer, Waste Pro of Florida, Inc.

36.    <u>No Representations or Reliance</u>. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## EMPLOYMENT OF COMPLIANCE OFFICER

37.    Defendant shall hire a subject matter expert (with no previous relationship to Defendant and approved by the EEOC) as a compliance officer, who will oversee Defendant's compliance with EEO laws (the "Compliance Officer").

38.    The Compliance Officer shall investigate all complaints of race discrimination and/or retaliation in the Northeast Region for eighteen (18) months following the entry of the Decree and make recommendations to management in writing regarding the proper resolution of such complaints. The Compliance Officer will oversee all investigations of race discrimination in the other regions of Defendant for thirty-six (36) months following the Decree and will oversee the investigations in the Northeast Region for months nineteen (19) through thirty-six (36) of the Decree.  Overseeing shall include approving the investigative steps and approving recommendations to management regarding the proper resolution of complaints.

39.    The Compliance Officer, among other responsibilities, shall also ensure compliance with the terms of this Decree.

40.     The Compliance Officer must have extensive experience in compliance with EEO laws and policies.

41.     Within fourteen (14) days of appointing the Compliance Officer, Defendant shall inform the EEOC of its selection and provide the Compliance Officer's (1) name, (2) job title, (3) direct phone number, (4) email address, and (5) resume.

42.      If at any point the Compliance Officer becomes unavailable to serve in the capacity of Compliance Officer, Defendant will appoint a new person to serve as a Compliance Officer within seven (7) calendar days, subject to approval by the EEOC, and shall provide EEOC their contact information identified in the previous paragraph.

43.     EEOC may communicate directly with the Compliance Officer at any time. Upon receipt, the Compliance Officer shall supply to the EEOC all data, documentary information, reports, written statements, certifications, and notices specifically required to be delivered pursuant to this Decree.

44.     Subject to the limitation set forth herein, the scope of the Compliance Officer's duties and responsibilities shall apply to all of Defendant's Florida locations.

## REVIEW OF EEOC POLICIES

45.     Within sixty days of the Effective Date, Defendant shall review and revise their existing equal employment opportunity ("EEO") policies and procedures and internal complaint procedures for complaints of discrimination, harassment, and retaliation for complaining about, reporting or otherwise opposing such discrimination.

46.     Defendant's policies shall, at a minimum:

   a. Clearly define prohibited conduct and specifically prohibit race-based, color-based, and national origin-based harassment, discrimination,

10

and/or retaliation discrimination against all employees, including subjecting employees to racial epithets, slurs, negative stereotyping, denigrating jokes, or threatening or intimidating behavior; providing different facilities, trucks or work benefits based on an employee's race or national origin; and subjecting employees to demeaning and humiliating working conditions on the basis of race national origin;

b. Prohibit harassing conduct at all locations and state that harassing conduct will not be tolerated from its employees; customers; and contractors.

c. Explicitly prohibit employees from physically or verbally threatening another employee in order to racially harass another employee;

d. Explicitly prohibit the use of sexual advances and sexual comments to another employee in order to racially harass another employee;

e. The Policy must contain a detailed explanation of Title VII's prohibition against race and national origin discrimination, racial harassment and retaliation, including a list of prohibited behavior that will not be tolerated from Defendant's employees, supervisors, managers, customers, clients or any other persons present at any of Defendant's premises or at any place where Defendant conducts business. The prohibited behaviors shall include the assignment of trucks, routes on the basis of race or national origin, and shall require a policy that provides for the assignment of truck and routes to take place on a race neutral basis by way of a written clearly defined seniority system that

also uses objective metrics to take into account the skill set and performance of the employees;

f.  The Policy must state that single incidents of harassment can create a hostile work environment based on race and contain examples of the types of single incidents that can create a hostile work environment, including: an actual or depicted noose or burning cross (or any other manifestation of an actual or threatened racially motivated physical assault), a favorable reference to the Ku Klux Klan, an unambiguous racial epithet such as the "N-word," and a racial comparison to an animal;

g.  Provide examples of prohibited conduct, including but not limited to the following:

Verbal: Jokes, insults, innuendoes, innuendos, epithets, and slurs based on race, specifically use of the n-word.

Non-Verbal: displaying any racially offensive or stereotypical image in the workplace, including displays of body tattoos, clothing, paraphernalia with racially offensive images or language, including but not limited to images showing or language making reference to the confederate flag or white supremacist groups.

h.  Identify that complaints of race-based, color based, and national origin-based harassment, discrimination, and/or retaliation may be made to the complainant's manager or a higher-level management official, or Compliance Office; the policy must provide the name, email and phone

12

number of the Compliance Officer, and any higher-level management official that discrimination can be reported to;

i.   Expressly provide that a report need not be made to the alleged harasser or discriminating official;

j.   Require all managers with any supervisory authority, to promptly escalate all verbal or written complaints of prohibited harassment they receive, witness, and/or become aware of to the Compliance Officer. Defendant shall warn managers on a bi-annual basis via phone or email that a failure to promptly escalate such complaints will result in discipline up to and including termination and inquire as to whether they have received any such complaints;

k.   Assure that if an allegation of discrimination against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge;

l.   Affirmatively prohibit any and all discrimination against employees for making complaints of violations of Title VII in the workplace, regardless of the outcome of the employees' complaints;

m.   Include an assurance that Defendant's will make every effort to avoid the disclosure of the identity of any persons who make a complaint of discrimination, and shall not divulge the identity of the person who complained if he or she wishes to remain anonymous, unless absolutely necessary to reach a determination regarding whether discrimination occurred.

n.  Include Defendant's assurance that it will accept any and all complaints from employees who wish to make complaints internally; and

o.  The Policy must contain assurances that Defendant will not retaliate against employees who make complaints of discrimination, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination.

47. The name of the responsible human resources representative shall be included in every offer letter to potential employees and posted in the main office such that in-person applicants have access to such information.

48. The policies shall also be included in the employee handbook and provided to all employees at all Florida locations by letter or email or inclusion in the ADP app by Defendant within sixty (60) days of the Effective Date of the Consent Decree;

49. The internal complaint procedure shall clearly state and Defendant shall require:

a.  The investigator(s) will interview the complainant and witnesses privately, outside the presence of the accused;

b.  The complainant's identity shall not be disclosed where a finding of discrimination can be made by merely divulging the complainant's department, race or position.

c.  Except in case of an emergency, any person who makes a creditable claim of discrimination and wishes to remain anonymous, but whose name must be divulged in order to complete the investigation shall be given at least 48-hours written notice. The written notice shall inquire

14

as to whether they believe the disclosure of their identity risks their safety or is likely to cause mental anguish. If an employee is concerned that there is a risk to their safety or likely mental anguish, Defendant will defer to the Compliance Officer as to how to proceed.

d. A complainant may voluntarily elect to take unpaid administrative leave during the investigation process, but shall be notified in writing that they are entitled to reinstatement to their former shift or location upon completion of the investigation regardless of the outcome, unless decided otherwise in conferral with the Compliance Officer;

e. Defendant will make reasonable efforts to complete the investigation within thirty (30) business days, absent extenuating circumstances;

f. The investigator(s) will interview all available witnesses, including the complainant and all potential victims of discrimination, and review all appropriate relevant and available evidence, including video;

g.  Defendant and its supervisors will maintain and not destroy any evidence of discrimination, including evidence which an employee making a complaint alleges supports their complaint, for at least one year, or longer if Defendant receives document preservation notice from the EEOC or a charge of discrimination. The policy shall explicitly apply to video evidence and other electronically stored information.

h. Defendant will communicate with the complainant in writing regarding the status of the complaint, investigation and any final determination

within five (5) business days after the conclusion of the investigation, absent extenuating circumstances;

i.  Defendant will memorialize verbal complaints and maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken. Defendant shall also electronically memorialize complaints, the identity of accused discriminatory actors, and investigatory outcomes electronically in a database or spreadsheet in a manner that provides for the centralized, statewide tracking of discrimination and retaliation complaints and the monitoring of such complaints to prevent retaliation.

j.  All aspects of an investigation of workplace discrimination will be thoroughly documented in written form.

k.  If it is determined that discrimination took place, the accused discriminatory actor shall be disciplined and/or terminated in accordance with the Compliance Officer's recommendation and the complainant and other victims of discrimination shall not be required to work with them.

l.   The investigator(s) will follow up with a complainant within five (5) business days after resolution of the complaint and again within thirty (30) business days after resolution of the complaint to inquire whether the complainant believes that he or she has been subjected to further harassment, discrimination or retaliation, absent extenuating circumstances.

m. During the investigation, the complainant shall not be required to confront his or her harasser;

n. Approximately thirty (30) and ninety (90) days following an investigation, Defendant's Compliance Officer representative will follow up with the complainant to ensure that retaliation is not occurring. Defendant shall also provide optional anonymous exit surveys to former employees at the cessation of employment and investigate any complaints of retaliation and/or discrimination.

50.     Within ninety (90) days of the Effective Date, Defendant has provided the EEOC with a copy of the policies and procedures described in this agreement, including the revised internal complaint procedures. Upon receipt, the EEOC shall have fifteen (15) days to comment on the policies and procedures. EEOC will review the policy only for compliance with this Section, and can provide comment or request revision due to non-compliance.

51.     Defendant shall distribute the revised policies and procedures described in this Section to its employees who are or had worked at Florida locations, including hourly, management, supervisory, and human resources employees, within thirty (30) days after the EEOC's review of the polices.  Thereafter, the revised policies and procedures will be available to Defendant's employees online.

52.     New employees will receive a copy of the policies and procedures described in this Section on the first day of their employment.

53.     The Policy shall be provided in English and any other language known to be the primary language Defendant's employees are able to read.

**TRAINING**

54.     <u>Manager/Supervisor Training</u>. Defendant shall retain a Compliance Officer (who is not an employee of Defendant) to conduct annual training on Title VII for all of Defendant's HR employees (including the Compliance Officer), supervisors, and executives responsible for Defendant's compliance with Title VII for the Northeast region.

55.     The training shall be a live virtual (Teams or Zoom) harassment training program to take place annually during the duration of this Decree, for a total of three (3) training sessions.  The Chief Executive Officer and Chief Operating Officer will attend the first training session.  The program shall include at least one and a half (1.5) hours of training on how to recognize discrimination/harassment, training on how to take preventive and corrective measures against discrimination/harassment, responsibilities of managers under equal employment opportunity laws and Defendant's policies, training on how to properly handle and investigate complaints of discrimination and/or harassment in a neutral manner, conducting anonymous investigations, record keeping and evidence retention, how to prevent retaliation, and will have a focus on preventing race discrimination and harassment on the basis of race in the workplace.

56.     The training shall include components containing instruction on implicit bias and equity; how to report discrimination; how to file a charge with the EEOC or the Florida Commission on Human Relations; and "bystander intervention training," i.e., instruction that will emphasize that a worker who observes discrimination, harassment, a hostile work environment or retaliation should report it to management, Human Resources and/or to the Compliance Officer.

18

57.     The initial training of HR and management and supervisory employees must be concluded within one hundred twenty (120) days of the Effective Date of this Decree.

58.     At least fourteen (14) days prior to Defendant commencing this training, Defendant will provide the following to the EEOC for review and comment: (a) a detailed agenda with proposed training materials, (b) curriculum vitae for the individual(s) who will conduct the training, and (c) a plan to ensure that all employees receive the required training. The training programs will be conducted by a third-party entity subject to approval by the EEOC.

59.     Each training also shall meet the following requirements

a.  Each person who attends the training shall be identified on a sign-in sheet to be filled out at the beginning of the training;

b.  The training shall be interactive and participants shall be permitted to ask questions regarding the material covered

60.     Non-Supervisory/Manager Employee Training. Beginning one hundred twenty (120) days after the Effective Date of the Decree, all non-supervisory employees who work in the Northeast region shall be required to participate in a one-hour live harassment training.  The training may be attended virtually via zoom or similar platform, provided that the trainer and all participants have videos turned on.

61.     The training shall include components containing instruction on implicit bias and equity; how to report discrimination; how to file a charge with the EEOC or the Florida Commission on Human Relations; and "bystander intervention training," i.e., instruction that will emphasize that a worker who observes discrimination, harassment, a hostile work

19

environment or retaliation should report it to management, the Compliance Officer, or to Human Resources,.

62.     Defendant shall ensure that the training is developed and administered by instructors with expertise in anti-harassment and anti-discrimination matters. The interactive harassment training shall be created by a third-party entity subject to approval by the EEOC. The training shall be at least one (1) hour in length and shall include: instruction on equal employment opportunity rights and responsibilities, including, but not limited to, Title VII's prohibitions against race-based harassment or retaliation, and Defendant's policies and procedures for reporting and handling complaints of race based harassment or retaliation, including how to report harassment to and what to expect after reporting harassment; and "bystander intervention training," (i.e. instruction that will emphasize that a co-worker who observes workplace harassment should report it to management). The training shall be interactive to the extent trainees will be required to answer questions and receive a passing score about the topics and scenarios presented through the training.

63.     <u>Training for New Employees</u>. Defendant shall provide at least one (1) hour of training for all new non-supervisory employees and three (3) hours of training for all new management/supervisory employees, and five (5) hours of training for all new and current human resource managers, specialists and others responsible for investigating and/or responding to complaints of discrimination, within thirty (30) days of the commencement of their employment or within sixty (60) days of the entry of the Decree for current human resource managers and specialists. The training will review the rights and responsibilities of employees under federal anti-discrimination laws and how such

laws define unlawful discrimination, with a focus on preventing race discrimination and racial harassment. The training will include examples of unlawful conduct. The training will cover Defendant's anti-discrimination policies and procedures with particular emphasis on the internal complaint, investigation, and remediation processes and an employee's right to file with the EEOC and state agencies. For supervisory, management, and human resources employees, the training will also include the proper procedures for responding to complaints of discrimination or harassment.

64.   At least fourteen (14) days prior to any training required under this Agreement (except new employee training), Defendant will provide EEOC notice of the date, time and location of the training. The EEOC, at its discretion, may attend and observe one or more training sessions and may provide changes to be implemented by the trainer. All employees attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet. Within seven (7) days of the completion of any training described in the preceding paragraphs, Defendant will provide the EEOC with copies of all attendance sheets and a then-current employee list.

## DISTRIBUTION OF NOTICE

65.   Within ten (10) calendar days from the Court's approval of this Consent Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit 2 to this Decree at its Jacksonville division . The Notice shall remain posted for the duration of the Complaint Outreach Period.  Defendant

shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

66.    At the first reporting period, Defendant shall certify to EEOC in writing that the Notice was properly physically posted as described in this section, and Defendant must also take a photograph of the Notice and its posted location.

**REPORTING**

67.    On March 15 and September 15, annually, Defendant shall provide the EEOC with written reports that shall contain:

a. A certification that Defendant has completed all trainings required by the Decree;

b. A certification that any required Notices under the Decree have been posted for the entire period as required by the Decree;

c. A certification that any complaints of race-based harassment made by Defendant's Florida employees within the prior six (6) months were promptly addressed and investigated, and/or that there were no complaints of any such harassment.

d. A report from the Compliance Officer advising of the (a) number of race discrimination complaints, (2) whether each step taken by Defendant during the investigation was consistent with the Policies, (3) the results of any investigations of the complaints, and (4) any remedial action taken by Defendant. Upon request the compliance officer will  provide the EEOC the names and contact information of any complainant.

## DISPUTE RESOLUTION

68.     In the event that a party to this Decree believes that the other party has failed to comply with any provision of this Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) business days of the discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the alleged non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  The fifteen (15) days to cure provision of this Paragraph shall not apply, however, to the payments required by Paragraphs 28, 29 and 31 above.

69.     If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

70.     Dispute Resolution described in this section shall not apply to Defendants obligations to make payments pursuant to paragraphs 28, 29 and 31.

## NOTIFICATION TO SUCCESSORS

71.     Defendant shall provide prior written notice to any successor of the EEOC's lawsuit, allegations raised in the EEOC's complaint, and the existence and contents of this Decree.

## CONTACT FOR REPORTING REQUIREMENT

72.     All reports, notices and other documents required hereunder to be delivered to EEOC shall be sent to mdoconsentdecreecompliance@eeoc.gov and specify the following in the subject line: "EEOC v. Waste Pro Consent Decree Compliance".

## COSTS

73.     Each party to this Decree shall bear its own expenses, attorney fees, and costs associated with this litigation and the Consent Decree.

### NO CONDITIONS ON RECEIPT OF RELIEF

74.     Defendant will not condition Charging Parties receipt of individual relief on their agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive their statutory right to file any future charge with any federal or state anti-discrimination agency that is unrelated to this litigation; or (c) promise not to reapply in the future for a position, directly or indirectly, with Defendant.

**SO ORDERED, ADJUDGED AND DECREED, this \_\_\_\_day of _____ 2024**.

_____

JUDGE WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____     Date: 10/15/2024

    Kristen Foslid, Esq.

Regional Attorney for U.S. Equal Employment Opportunity Commission
Florida Bar No. 688681
Miami District Office
Miami Tower, 100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1789
Fax: (305) 808-1835
E-Mail: kristen.foslid@eeoc.gov

AGREED TO:

FOR DEFENDANT, WASTE PRO OF FLORIDA, INC.

By: _____     Date: 10/15/2024

    Brian Wintjen
    Print Name

    Regional Vice President
    Title

25

## **EXHIBIT 1**
## **RELEASE AND WAIVER**

IN CONSIDERATION OF SETTLEMENT FUNDS RECEIVED in the amount of $_____

under the Consent Decree dated _____, in connection with the resolution

EEOC v. Waste Pro of Florida, Inc. 3:23-cv-01132 (M.D. Fla.), I hereby provide the

following release/waiver of claims against Waste Pro of Florida, Inc.:

I hereby knowingly, voluntarily, irrevocably and unconditionally waive and release all

claims, actions, damages of any sort, costs, expenses and attorneys' fees, and liabilities

of any nature whatsoever for race based, color based, or national origin-based hostile

work environment and/or harassment discrimination arising under Title VII of the Civil

Rights Act of 1964 or Title I of the Civil Rights Act of 1991, that were included in the

violations alleged in the Complaint filed by the EEOC, from February 2021 to the Effective

Date of the Consent Decree.


Date: _____

Full Name: _____
        [Claimant Name Printed]

Mailing Address: _____

_____

_____

Social Security Number: _____

Signature: _____



**EXHIBIT 2**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

1.      This <u>NOTICE</u> to all employees of Waste Pro of Florida, Inc. ("Waste Pro") is being posted and provided as part of a mutually agreed upon Consent Decree between Waste Pro and the U.S. Equal Employment Opportunity Commission ("EEOC") as a result of a Civil Action which alleged that Waste Pro subjected Black and Haitian-American employees to harassment based on race, color, and national origin. While Waste Pro denies these allegations, as part of the resolution of this matter, Waste Pro has agreed to post this Notice to reflect its commitment to a workplace free of harassment.

2.      Waste Pro reaffirms that Title VII protects individuals from employment discrimination, including harassment, because of their race, color, and national origin. Additionally, Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. Waste Pro has never and will never condone employment discrimination of any kind as set forth in federal anti-discrimination laws.  It is the policy of Waste Pro to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. Waste Pro does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); the Equal Pay Act (EPA) of 1963; the Americans with Disabilities Act (ADA), as amended; or the Pregnant Workers Fairness Act of 2023 (PWFA).

3.      If you or feel you have been treated unfairly in any way based on your race, please contact [insert name] at [email] or phone [insert].

4.      The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation.  EEOC maintains offices throughout the United States, and can be contacted at 1-800-669-4000 and www.eeoc.gov.

5.      This <u>NOTICE</u> will remain posted for sixty (60) days following the entry of the Consent Decree.

SIGNED  this  _____  day  of  _____, 2024.

_____